**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHAD WILLIAM REED,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HARPE, Director of Oklahoma Department of Corrections, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-673-J |

## ORDER

Plaintiff, appearing pro se, filed an Amended Complaint (Amend. Compl.) alleging that prison officials failed to serve him all-Kosher meals during the 2024 and 2025 Passover holidays. [Doc. No. 17]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Officials filed the Special Report [Doc. No. 29] and Defendants moved for dismissal [Doc. No. 30]. On review, Judge Mitchell recommended the Court (1) convert the motion to dismiss into one for summary judgment on some claims, (2) deny the converted motion for summary judgment, based on nonexhaustion of administrative remedies, for the 2024 Passover claims, (3) grant the converted motion for summary judgment, based on nonexhaustion of administrative remedies, for the 2025 Passover claims, (4) grant the motion to dismiss for Defendants Harpe and Brown related to the 2024 Passover claims, (5) dismiss, on screening, the claims against Defendant Parker related to the 2024 Passover menu, and (6) decline supplemental jurisdiction over Plaintiff's state law claims. (Rep. & Rec.) [Doc. No. 35]. Plaintiff objected (Pl.'s Obj.) [Doc. No. 36], triggering de novo review on the legal conclusions to which he specifically objected. *See* Fed. R. Civ. P. 72(b)(3); *see also Horsey v. Rankins*, No. CIV-22-1021-J, 2023 WL 3866569, at *1 (W.D. Okla. June 7, 2023) (applying de novo review to those

findings on which the petitioner specifically objected but reviewing the "non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." (cleaned up)). Defendants did not object and waived de novo review. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

As set forth below, the Report and Recommendation is ADOPTED IN PART and REJECTED IN PART.

## I. Background

Of significance here, Plaintiff practices Judaism and maintains a Kosher diet. Currently pending is *Reed v. Lindsey*, CIV-23-1011-J (W.D. Okla. filed Nov. 8, 2023), wherein Plaintiff alleges that officials provided him with peanut butter and other non-Kosher foods during the 2023 Passover holiday at the Lexington Assessment and Reception Center (LARC) where he remains incarcerated. In this action, Plaintiff complains that he received peanut butter and other non-Kosher foods during the 2024 and 2025 Passover holidays at LARC.

## II. Exhaustion of Administrative Remedies

Before filing a suit against prison officials, an inmate must exhaust all available administrative remedies. Those remedies are set forth in the Department of Corrections (DOC) Inmate/Offender Grievance Process, which states in relevant part that an inmate may not file any grievance "[a]bout matters that are in the course of litigation." [Doc. No. 29, Ex. 2 at 5].

In their converted motion for summary judgment, Defendants argued that Plaintiff did not exhaust his claims as they relate to either the 2024 or 2025 Passover holidays. On review, Judge Mitchell found that Plaintiff had exhausted his administrative remedies on his 2024 Passover holiday claims and she recommended that Defendants' motion be denied as to those claims. *See* Rep. & Rec. at 12-13. No party objected to this recommendation, and it is ADOPTED.

Conversely, Judge Mitchell found that Plaintiff had "made no attempt to start the grievance process as to his 2025 Passover claims and has not demonstrated any reason to excuse exhaustion." *Id.* at 13. Plaintiff objects, noting that (1) the DOC grievance procedure prohibits an inmate from filing a grievance about any matter that is in the course of litigation and (2) LARC officials' decision to provide him with non-Kosher foods during the 2023 Passover holiday was (and is) still in the course of litigation. Thus, Plaintiff argues that administrative remedies were unavailable. Pl.'s Obj. at 1-3. Although certainly similar, Plaintiff's allegations are distinct. That is, Plaintiff seeks to hold Defendants liable for alleged wrongdoing in 2023, 2024, and 2025. This distinction is made more evident when considering that had prison officials believed the claims were identical, they would have rejected his grievances related to the 2024 Passover holiday and did not. Accordingly, on de novo review, the Court ADOPTS Judge Mitchell's Report and Recommendation, finds that Plaintiff failed to exhaust his administrative remedies as to his 2025 Passover holiday claims, and GRANTS Defendants' converted motion for summary judgment as to the 2025 Passover holiday claims. *See Bridgeforth v. Walker*, 394 F. App'x 482, 484 (10th Cir. 2010) ("Bridgeforth's state court case – filed in December 2008 – concerns a matter or matters that occurred prior to his federal court claims. He cannot bypass the administrative grievance procedure by grafting the March 2009 matter on to the matter or matters that arose before December 2008 . . . because the administrative process is to be undertaken for each separate incident.").

## III. Plaintiff's 2024 Passover Holiday Claims

Turning to Plaintiff's 2024 Passover holiday claims, Judge Mitchell first recommended that the Court grant Defendants' motion to dismiss on grounds that Plaintiff failed to sufficiently allege that either Defendant Harpe (the DOC Director) or Defendant Brown (the head DOC

Chaplain) personally participated in providing Plaintiff with non-Kosher foods during the 2024 Passover holiday. *See* Rep. & Rec. at 16-18. Plaintiff objects, *see* Pl.'s Obj. at 4-6, and on de novo review, the Court REJECTS the recommendation.

Judge Mitchell construed the Amended Complaint as alleging, essentially, that Defendants Harpe and Brown were responsible simply for approving religious diets changes. *See* Rep. & Rec. at 16.[1] But the Amended Complaint goes further. That is, Plaintiff alleged that (1) both Defendants Harpe and Brown were personally aware, through Plaintiff's 2023 litigation, that providing non-Kosher food during the Passover holiday constituted a constitutional violation, (2) they both nevertheless tasked Defendant Parker – who is not a dietitian or a "Kashruth Rabbi" – to "correct the 2024 Passover" menu, and (3) both approved the 2024 Passover menu despite its continued use of non-Kosher foods for Passover. Amend. Compl. at 6-8. At this stage of litigation, the Court finds that these allegations sufficiently state a claim that Defendants Harpe and Brown personally authorized and/or sanctioned the alleged violation. *See Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996) (holding that a plaintiff may establish personal participation by alleging "the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance").

As to Defendant Parker, Judge Mitchell recommended dismissal (on screening)[2] on grounds that Plaintiff failed to allege she acted with discriminatory purpose. *See* Rep. & Rec. at

---

[1] Section 1983 "imposes liability for a defendant's own actions – personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Generally, controlling policy is insufficient to constitute personal participation in a constitutional violation. *See Pittman v. Williams*, No. 22-1441, 2023 WL 6564910, at *2 (10th Cir. Oct. 10, 2023) ("Though Plaintiff alleged that Defendant Williams maintains a position of authority at SCF and instituted the policy, these allegations are insufficient to plausibly claim . . . personal participation . . . .").

[2] In part, Plaintiff argues that Judge Mitchell exceeded her authority in screening this allegation. *See* Pl.'s Obj. at 7. The Court disagrees. *See* 28 U.S.C. § 1915A(a); *see also Jaquez v. Lawton*

18-19. Although his argument is less than specific on this issue, the Court liberally construes Plaintiff's objection as complaining that Judge Mitchell read his Amended Complaint as alleging an individual act of discrimination rather than alleging a substantial burden on his religious freedom through a policy or regulation. With that interpretation, the Court REJECTS the Report and Recommendation.

When a plaintiff alleges officials violated the First Amendment through an individual act of discrimination, he does indeed need to "plead and prove that the defendant acted with discriminatory purpose." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But at its heart, Plaintiff's Amended Complaint alleges that DOC's Kosher menu for Passover violated his First Amendment right to freely exercise his religion. *See* Amend. Compl., *passim*; *see also* Pl.'s Obj. (arguing the food Plaintiff was served "created a substantial burden on the practice of [his] religious right[s]"). Under this type of allegation, the question is not whether the defendant acted with discriminatory purpose but whether the prison regulation substantially burdens a sincerely held religious belief. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). As Judge Mitchell did not address this standard, the Court must reject her recommendation to dismiss the relevant claims against Defendant Parker on screening.

## IV. Supplemental Jurisdiction

Finally, based on the premise that Plaintiff's federal claims should all be dismissed, Judge Mitchell recommended that the Court decline to exercise supplemental jurisdiction over his state law claims. *See* Rep. & Rec. at 19. Plaintiff did not specifically object to this recommendation,

---

*Corr. Facility*, No. CIV-11-1066-F, 2013 WL 2645589, at *17 (W.D. Okla. June 12, 2013) (noting that the duty to screen a complaint under § 1915A(a) "continues throughout the proceedings").

but because the Court finds that his federal claims involving the 2024 Passover holiday have survived, it would be clear error to adopt that recommendation. As such, it is REJECTED.

## V. **Conclusion**

For the reasons discussed above, the Report and Recommendation [Doc. No. 35] is ADOPTED IN PART and REJECTED IN PART. Specifically, the Court ADOPTS the Report and Recommendation to the extent that it recommended (1) denying Defendants' converted motion for summary judgment, based on nonexhaustion of administrative remedies, for Plaintiff's 2024 Passover holiday claims, and (2) granting Defendants' converted motion for summary judgment, based on nonexhaustion of administrative remedies, for Plaintiff's 2025 Passover holiday claims. Conversely, the Report and Recommendation is REJECTED to the extent that it recommended (1) dismissing Defendants Harpe and Brown for lack of personal participation, (2) dismissing Plaintiff's 2024 Passover holiday claims against Defendant Parker, on screening, and (3) declining to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants' motion [Doc. No. 30] is GRANTED IN PART and DENIED IN PART consistent with those rulings.

Because Defendant Scroggins was named only in Plaintiff's 2025 Passover claims, *see* Amend. Compl. at 2, this ruling terminates this party.

Finally, Plaintiff moved for permission to amend if the Court dismissed on the "discriminatory intent element." Pl.'s Obj. at 6; *see also* [Doc. No. 37 at 1 (requesting leave to amend if the court finds the "discrimination requirements have not been met")]. As the Court declined to adopt the Report and Recommendation on that basis, it DENIES Plaintiff's motion to amend. [Doc. No. 37]. If Plaintiff wishes to amend on other grounds, he may seek that relief in a new motion.

The matter is RE-REFERRED to Judge Mitchell.

IT IS SO ORDERED this 24th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE